UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH WOODS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-cv-00868-MTS |
| CITY OF ST. LOUIS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Deborah Woods's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. [38], in light of her Amended Complaint, Doc. [40]. For the reasons that follow, the Court will deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction without prejudice.

\*

Plaintiff Deborah Woods, pro se, originally sued various governmental actors under Title II of the Americans with Disabilities Act ("ADA"), asserting that those individuals and entities failed to accommodate her disabilities and, as a result, unlawfully excluded her from participating in public services and programs. Doc. [1] at 1; *see* 42 U.S.C. § 12132.[1] Her claims arise out of her incarceration at the City Justice Center ("CJC") in downtown St. Louis and events that occurred during related state-court proceedings in the 22nd Judicial Circuit of Missouri. Her initial Complaint named the following Defendants: (1)

---

[1] Plaintiff incorrectly cited 42 U.S.C. § 12332.

the City of St. Louis, (2) Adrian Barnes, Deputy Superintendent of the CJC , (3) Jennifer Clemmons-Abdullah, Commissioner of the St. Louis Division of Corrections, (4) Sherriff Vernon Betts, (5) the Missouri State Public Defender St. Louis Trial Office, (6)  unnamed employees of the 22nd Judicial Circuit of Missouri, (7) Jeff Carson, "then-Superintendent of the CJC," (8) Corizon Health, (9) unnamed St. Louis Metropolitan Police Department officers, and (10) unnamed correctional officers at the CJC.  Doc. [1] ¶¶ 4–13.  Plaintiff contemporaneously filed a Motion seeking a Temporary Restraining Order and a Preliminary Injunction with her Complaint.  Doc. [5].  In that briefing, Plaintiff moved for a long list of injunctive relief against the City of St. Louis, the 22nd Judicial Circuit of Missouri, and the Missouri Public Defender's Office, including an order that no St. Louis-affiliated Missouri Public Defender handle her case and an order mandating specific accommodations during any future state-court proceedings.  Doc. [6] at 18–20.

On October 06, 2024, Plaintiff sought leave to amend her complaint, Doc. [23], and the Court granted that request, Doc. [24].  Accordingly, on December 26, 2024, Plaintiff filed an Amended Complaint that, as relevant here, added claims pursuant to 42 U.S.C. § 1983 against the City of St. Louis and unnamed corrections officers, police officers, and Corizon healthcare employees.  Doc. [40] ¶¶ 23–39.  Although Plaintiff still maintains a claim under the ADA, she no longer names the Missouri Public Defender's Office or unnamed employees of the 22nd Judicial Circuit of Missouri as defendants, and she has removed the factual allegations pertaining to those entities and related individuals. *Compare* Doc. [40] *passim*, *with* Doc. [1] ¶¶ 22–23, 46.

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Because "an amended complaint supersedes an original complaint and renders the original complaint without legal effect," *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023), "[c]ourts have concluded that where an amended complaint has been filed, an existing motion for preliminary injunction should be dismissed without prejudice." *Miles v. Johnston*, 0:24-cv-01012, 2024 WL 5318973, at *6 (D. Minn. Dec. 18, 2024); *accord Hines v. Smith*, 0:16-cv-03797, 2017 WL 5593526, at *4 (D. Minn. Oct. 23, 2017); *see also Garcia v. Mid-Atlantic Mil. Fam. Cmtys., LLC*, 2:20-cv-00308, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) (granting plaintiff leave to amend complaint and dismissing plaintiff's motion for preliminary injunction as moot because it sought relief based on the initial complaint). After all, "the purpose of a preliminary injunction is to protect the plaintiff from harms alleged *in the complaint* while the litigation is pending." *Hines*, 2017 WL 5593526, at *4 (quoting *Frye v. Minn. Dep't of Corr.*, 0:05-cv-1327-JNE-JJG, 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006)).

Here, many of the injuries Plaintiff alleges in her Motion for Preliminary Injunction no longer correspond to the conduct asserted in the operative complaint. Indeed, Plaintiff makes no factual allegations at all concerning the 22nd Judicial Circuit of Missouri, the Missouri Public Defender's Office, or the conduct of their respective employees. Moreover, Plaintiff's Motion seeks injunctive relief against entities who are no longer parties to the action, and a Court has authority to enjoin a nonparty under Federal Rule of

Civil Procedure 65(d) "only when [the nonparty's] interests closely identify with those of the defendant, when the nonparty and defendant stand in privity, or when the defendant represents or controls the nonparty." *Thompson v. Freeman*, 648 F.2d 1144, 1147 (8th Cir. 1981). There is no indication that the above conditions apply here, especially where the defendants now named in Plaintiff's Amended Complaint are the City of St. Louis, its officials, individual officers, and contractors. *Cf. Davis v. Jackson County*, 4:16-cv-00024-GAF, 2016 WL 4098532, at *5 (W.D. Mo. July 28, 2016) (noting that the 16th Judicial Circuit of Missouri is an arm of the state); *Arrington v. Levi*, 1:20-cv-00053, 2020 WL 3571872, at *3 (E.D. Mo. July 1, 2020) (explaining that the Missouri Public Defender's Office is "an independent department of the judicial branch of the state government"). The Court will therefore deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. [5], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exceed Page Limit, Doc. [4], is **DENIED** as moot.

Dated this 22nd day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE